**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000119
23-FEB-2024
01:08 PM
Dkt. 52 SO**

NO. CAAP-18-0000119

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DELBERT P. COSTA, JR., Claimant-Appellee-Appellant,
v.
COUNTY OF HAWAII, DEPARTMENT OF WATER SUPPLY,
Employer-Appellant-Appellee,
and
COUNTY OF HAWAII, HEALTH SAFETY DIVISION
Adjuster-Appellant-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-143 (WH); DCD NO. 9-12-00934 (H))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Claimant-Appellee-Appellant Delbert P. Costa, Jr.

(**Costa**) appeals from the January 31, 2018 Decision and Order

(**Decision and Order**) of the State of Hawaiʻi Labor and Industrial

Relations Appeals Board (**LIRAB**).  The Decision and Order

partially reversed the April 25, 2014 supplemental decision

(**Supplemental Decision**) of the Director of Labor and Industrial

Relations (**Director**) that assessed a 20% statutory penalty, under

Hawaii Revised Statutes (**HRS**) § 386-92 (2015),[1] against Employer-Appellant-Appellee self-insured Department of Water Supply, County of Hawaiʻi (**Employer**).

Costa raises multiple points of error, arguing that LIRAB erred in: (1) its interpretation and application of HRS § 386-92; (2) requiring Costa prove the imposition of the HRS § 386-92 administrative penalty by clear and convincing evidence; (3) determining that the HRS § 386-92 administrative penalty did not apply to the temporary total disability (**TTD**) period that arose prior to the Director's June 24, 2013 Decision on compensability; (4) determining that an employer's initial controvert of liability on a claim for benefits in its initial report of industrial industry is grounds to avoid a penalty on late payment of TTD benefits even after a decision finding the claim compensable; (5) determining Employer's payment of TTD benefits on Costa's unrelated shoulder injury is grounds to avoid a penalty imposed on Employer for nonpayment of TTD benefits for Costa's stress injury because the claims were to be paid concurrently; (6) considering Costa's participation in a second

---

[1] HRS § 386-92 states, in pertinent part:

> **§ 386-92 Default in payments of compensation, penalty.** If any compensation payable under the terms of a final decision or judgment is not paid by a self-insured employer or an insurance carrier within thirty-one days after it becomes due, as provided by the final decision or judgment, or if any temporary total disability benefits are not paid by the employer or carrier within ten days, exclusive of Saturdays, Sundays, and holidays, after the employer or carrier has been notified of the disability, and where the right to benefits are not controverted in the employer's initial report of industrial injury or where temporary total disability benefits are terminated in violation of section 386-31, there shall be added to the unpaid compensation an amount equal to twenty per cent thereof payable at the same time as, but in addition to, the compensation[.]

independent psychiatric examination (**IPE**) and the subsequent IPE report's legal significance; and (7) considering Costa's available remedy under HRS § 386-93(a) (2015) in its Decision and Order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Costa's points of error as follows:

(1 & 2) Costa contends that LIRAB erred in determining that the penalty provisions in HRS § 386-92 should be strictly construed as penal in nature, instead of being liberally construed to advance the humanitarian purpose of HRS chapter 386. LIRAB concluded that "statutes that provide for the assessment of penalties and attorney fees are penal in nature, and should generally be strictly construed."

"Generally, remedial statutes are those [that] provide a remedy, or improve or facilitate remedies already existing for the enforcement of rights and the redress of injuries." Survivors of Iida v. Oriental Imps., Inc., 84 Hawaiʻi 390, 397 n.7, 935 P.2d 105, 112 n.7 (App. 1997) (internal quotation marks omitted) (quoting Flores v. United Air Lines, Inc., 70 Haw. 1, 12 n.8, 757 P.2d 641, 647 n.8 (1988)). "[Hawaiʻi] reporters are replete with cases holding that Hawaiiʻs workers' compensation statute is remedial in nature." Id. at 397, 935 P.2d at 112.

HRS § 386-92 requires that when compensation payable under "the terms of a final decision" is not timely paid by a self-insured employer, "there shall be added to the unpaid

compensation an amount equal to twenty per cent thereof payable at the same time as, but in addition to, the compensation" unless excused. The 20% penalty is thus paid to the disabled benefits recipient who had not timely received the benefits due, and serves to further the remedial purpose of Chapter 386 in providing humanitarian benefits to such workers. See Survivors of Iida, 84 Hawaiʻi at 397, 935 P.2d at 112.

Accordingly, LIRAB erred in the Decision and Order in concluding that HRS § 386-92 is punitive rather than remedial in nature.

Costa also contends that LIRAB erroneously "put the burden on [Costa] to prove the imposition of the administrative penalty by clear and convincing evidence."

LIRAB concluded that "[t]he imposition of an administrative penalty must be proven by clear and convincing evidence," citing its earlier decision in Botelho v. Atlas Recycling Center, Case No. AB 2009-334 (H)(S) (November 9, 2015). However, in Bothelo, LIRAB cited to Tauese v. State, Dep't. of Labor & Indus. Rels., which noted that the "clear and convincing" evidence standard

> is typically used in civil cases involving allegations of fraud or some other quasi-criminal wrongdoing by the defendant. In such cases, the interests at stake ... are deemed to be more substantial than mere loss of money and some jurisdictions accordingly reduce the risk to the defendant of having his reputation tarnished erroneously by increasing the plaintiff's burden of proof.

113 Hawaiʻi 1, 36, 147 P.3d 785, 820 (2006) (citations and internal quotations omitted). Here, there are no allegations of fraud or other quasi-criminal wrongdoing, and LIRAB provided no further authority for applying the "clear and convincing"

standard. Thus, the "preponderance of the evidence" standard set out in HRS § 91-10(5) (2012)[2] should have been applied, and we conclude LIRAB referenced the wrong evidentiary standard.

However, as is evident from the discussion below, Costa's rights were not prejudiced by LIRAB's error in construing HRS § 386-92 as penal, nor in applying the "clear and convincing" evidence standard. See Survivors of Medeiros v. Maui Land & Pineapple Co., 66 Haw. 290, 293, 660 P.2d 1316, 1319 (1983) ("HRS § 91-14(g) of the Administrative Procedures Act . . . precludes judicial reversal or modification of an administrative decision even where affected by error of law . . . unless substantial rights of the petitioner may have been prejudiced.").

(3) Costa argues that LIRAB erred in concluding that TTD benefits were not due prior to the Director's June 2013 Decision, and therefore, that there was no basis to assess the 20% statutory penalty for non-payment of the benefits for that time.

The Director's June 2013 Decision did not order TTD benefits. The Director ordered compensation in the form of medical costs pursuant to HRS §§ 386-21 (2015) and 386-26 (2015), but beyond compensation for medical care and services, the

---

[2] HRS 91-10(5) states:

**§ 91-10  Rules of evidence; official notice.**
In contested cases:
. . .
(5)  Except as otherwise provided by law, the party initiating the proceeding shall have the burden of proof, including the burden of producing evidence as well as the burden of persuasion. The degree or quantum of proof shall be a preponderance of the evidence.

Director provided that questions such as average weekly wages and temporary or permanent disability, "if any, shall be determined at a later date." (Emphasis added). It was not until the Supplemental Decision that the Director found that TTD was established and the Director "determined that [Costa] is entitled to [TTD] benefits[.]"

HRS § 386-31(b) (2015)[3] "requires that an employer pay TTD benefits to an employee within ten days of the employer being notified of the disability, without waiting for a decision from the Director, unless the employer controverts the employee's claim 'in the employer's initial report of industrial injury.'" Panoke v. Reef Dev. of Haw., Inc., 136 Hawaiʻi 448, 467, 363 P.3d 296, 315 (2015) (emphasis added); see also HRS § 386-92. Here, Employer disputed liability for the May 9, 2012 work injury in its initial report of industrial injury. Thus, because TTD benefits were not ordered by the Director until April 25, 2014, and the employer disputed liability for the May 9, 2012 work injury in its initial report, LIRAB correctly determined that there was no statutory basis for a penalty against Employer under

---

[3]     HRS § 386-31(b) states, in pertinent part:

> **§ 386-31   Total disability.**
> . . . .
>      (b)  Temporary total disability.  Where a work injury causes total disability not determined to be permanent in character, the employer, for the duration of the disability, but not including the first three calendar days thereof, shall pay the injured employee a weekly benefit[.]
> . . . .
>      The employer shall pay temporary total disability benefits promptly as they accrue to the person entitled thereto without waiting for a decision from the director, unless this right is controverted by the employer in the employer's initial report of industrial injury[.]

HRS § 386-92, and TTD benefits were not due prior to the Director's June 2013 decision.

(4) Costa contends that LIRAB erred in determining that after the Director's June 2013 decision "the circumstances for which a penalty could be assessed under HRS § 386-92 are not present," and then concluding there was no statutory basis to assess the penalty for non-payment of the TTD benefits on grounds that Employer had controverted benefits in its initial report of industrial injury.

HRS § 386-92 provides for the assessment of a penalty, *inter alia*, when "compensation payable under the terms of a final decision or judgment is not paid by a self-insured employer or an insurance carrier within thirty-one days after it becomes due, as provided by the final decision or judgment;" or when TTD benefits "are not paid by the employer or carrier within ten days . . . after the employer or carrier has been notified of the disability, and where the right to benefits are not controverted in the employer's initial report of industrial injury." The record shows that Employer controverted Costa's claim for benefits for the stress injury in its initial WC-1 report of industrial injury, and the June 2013 decision did not award TTD. Therefore, LIRAB was correct in determining that neither trigger under HRS § 386-92 applied to warrant an assessment of a penalty for untimely payment.

(5) Costa contends that LIRAB erred in reversing the Director's assessment of a penalty on the difference between the TTD benefits that Costa received for the separate shoulder injury

and the TTD benefits Costa would have received for the stress injury.[4]  As discussed above, LIRAB correctly found that there was no final decision ordering the payment of TTD benefits for the stress injury until the Director's April 2014 Supplemental Decision, Employer controverted Costa's right to benefits in its initial report of industrial injury, and there was no statutory basis to assess the 20% penalty.  Therefore, there were no grounds for the Director to award a 20% penalty on the unpaid difference in compensation rate between the separate shoulder injury and stress injury between January 8, 2013, and December 17, 2013.  This point of error is without merit.

(6)  Costa contends that LIRAB erred in the Decision and Order's FOFs 11-12 and "to the extent" LIRAB concluded that Dr. Joseph Roger, Ph.D.'s second IPE report, received by Employer on January 14, 2014, gave Employer a medical basis to dispute Costa's claim for TTD benefits from the stress injury that would avoid assessment of a penalty.  However, there is no indication that LIRAB considered the circumstances around the second IPE, nor Dr. Rogers's report from it, in concluding that there was no basis to assess the statutory penalty for untimely payment of TTD benefits.  The record clearly shows LIRAB's determination was based on Employer's initial controvert of liability, and that no TTD benefits were awarded prior to the Director's Supplemental Decision.

---

[4]   The overlapping time in question is the period from January 8, 2013, to December 17, 2013.

(7)  Costa contends that LIRAB's consideration of remedies under HRS § 386-93(a) was in error because neither Employer nor Costa raised this issue.  However, LIRAB specifically stated that "[a]s the issue on this appeal involves a penalty for untimely payment of TTD under HRS § 386-92, the Board makes no determination on whether penalties against Employer under HRS § 386-93(a) are appropriate in this case." Thus, this argument is without merit.

For these reasons, LIRAB's January 31, 2018 Decision and Order is affirmed.

DATED: Honolulu, Hawaiʻi, February 23, 2024.

On the briefs:

Rebecca L. Covert,
(Takahashi and Covert),
for Claimant-Appellee-Appellant.

Gary N. Kunihiro,
Shawn L.M. Benton,
Christine J. Kim,
(Leong Kunihiro Benton &
 Brooke),
for Employer-Appellant-Appellee,
 Self Insured and Adjuster-
 Appellant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge